**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**UNITED STATES OF AMERICA,**

v.                                                                                              **Criminal No. 2:05cr48**

**DOUGLAS ILES, JR.,**
           **Defendant.**

## ORDER & MEMORANDUM OPINION

This matter comes before the Court at sentencing pursuant to Defendant Douglas Iles' plea of guilty to knowingly transporting child pornography by computer in interstate commerce in violation of 18 U.S.C. § 2252A(a)(1). The question in this case is whether Defendant, who distributed child pornography to an adult undercover officer posing as a minor, is subject to a five-level enhancement under § 2G2.2(b)(2)(C) of the 2003 United States Sentencing Guidelines ("Guidelines" or "Guideline") for "[d]istribution to a minor" or a two-level enhancement under § 2G2.2(b)(2)(E) for "distribution" generally. This question arises because 18 U.S.C. § 2256, which applies to the entire chapter of the code concerning the Sexual Exploitation of Children, defines minor as "any person under the age of 18 years." Section 2G2.2 of the Sentencing Guidelines, however, arguably defines minor for the purposes of enhancement as including an adult undercover officer posing as a minor. The issue in this case is whether the Guidelines' definition of minor may expand the statute's definition of minor to enhance a term of punishment.

For the reasons stated herein, the Court **FINDS** that Defendant is not subject to the five-level enhancement under § 2G2.2(b)(2)(C) because Defendant did not distribute child pornography to a minor, as that term is defined 18 U.S.C. § 2256. Rather, because Defendant distributed child pornography to an adult undercover police officer, the two-level enhancement under §

2G2.2(b)(2)(E) for distribution of child pornography in general. Under the Court's reading of <u>United States v. Booker</u>, in order for the Court to impose a reasonable sentence, the advisory Sentencing Guidelines may not expand a statutory definition to increase a term of punishment.

**I.     Background**

The offense conduct underlying this case is straightforward. For six months, beginning on March 3, 2003, Defendant (a.k.a. "Dewitagain1269U") communicated in a sexually explicit manner via computer and telephone with an Illinois child pornography undercover agent posing as a 14-year old girl known as "Pamcheer2005." According to the Statement of Facts, on January 16, 2004, after a federal search warrant was executed on his residence, Defendant admitted in an interview with FBI agents that:

> (1) he had chatted with "Pamcheer2005" via computer and phone for about a year; (2) "Pamcheer2005" was from Chicago and approximately 15-16 years old; (3) he initially contacted Pam online in an AOL chat room using the e-mail address of "Dewitagain1269U"; (4) he sometimes talked sexually with Pam via e-mail and phone; (5) Pam was an "average looking teenage gal," and that he had sent her nude pictures of himself; (6) he had sent Pam "kids like herself engaged in sexual acts," specifically pictures of children between the ages of 13 and 17 years old, nude and engaged in oral sex and intercourse; (7) he sent Pam pictures and web cam videos of himself masturbating, between 5 and 10 times; (8) that he kept child pornography on his computer and his CD Rom, and that both contained about 300 child porn pictures of girls between the ages of 8-18 years of age, either nude or engaged in sexual acts; and (9) he used a digital camera to take pictures of his penis to transmit to Pam.

Statement of Facts at 2-3, Doc. No. 7.

On April 21, 2005, Defendant pleaded guilty to a one-count Criminal Information charging him with knowingly transporting child pornography by computer in interstate commerce in violation

of 18 U.S.C. 2252A(a)(1).[1]  The statutory penalties for this offense are a minimum term of imprisonment of five years and a maximum term of imprisonment of twenty years, a $250,000 fine, a $100 special assessment, and not more than three years of supervised release. Id. § 2252A(b)(1).

Pursuant to the 2003 United States Sentencing Guidelines,[2] § 2G2.2 applies to Defendant's offense. U.S.S.G. App. A (2003). This section provides for a base offense level of 17 and includes a series of enhancements, depending on the characteristics of the offense. U.S.S.G. § 2G2.2(a) and (b) (2003).[3] The Presentence Investigation Report ("PSR") assessed Defendant with a 17 base

---

[1]Section 2252A(a)(1) of Title 18 provides that "[a]ny person who "knowingly mails, or transports or ships in interstate or foreign commerce by any means, including by computer, any child pornography . . . shall be punished as provided in subsection (b)."

[2]Ordinarily, the Guidelines Manual "in effect on the date the defendant is sentenced" applies. United States v. Neilssen, 136 F. 3d 965, 969 (4th Cir. 1998). Courts, however, are to use the Guidelines Manual in effect on the date that the offense of conviction was committed if it determines that the ex post facto clause of the Constitution would be violated. Id. (citing U.S.S.G. § 1B1.11(a)). "A law violates the ex post facto clause if it applies to events predating its enactment and disadvantages those to whom it applies." Id. In this case, when Defendant committed the offense in 2003, the base offense level under the 2003 Guidelines was 17. U.S.S.G. § 2G2.2(a) (2003). The 2004 Guidelines, however, increased the base offense level under § 2G2.2 to 18 or 22, depending on what statute has been violated. U.S.S.G. § 2G2.2(a) (2004). This is a clear instance of the ex post facto clause applying because the base offense level increased from the time Defendant committed the offense and the time he was sentenced.

[3]In its entirety, § 2G2.2 provides:

(a) Base Offense Level: 17

(b) Specific Offense Characteristics

    (1) If the material involved a prepubescent minor or a minor under the age of twelve years, increase by 2 levels.

    (2) (Apply the Greatest) If the offense involved:

        (A) Distribution for pecuniary gain, increase by the number of levels from the table in §2B1.1 (Theft,

offense level, and he received the following enhancements:

    Property Destruction, and Fraud) corresponding to the retail value of the material, but by not less than 5 levels.

    (B) Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, increase by 5 levels.

    (C) Distribution to a minor, increase by 5 levels.

    (D) Distribution to a minor that was intended to persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct, increase by 7 levels.

    (E) Distribution other than distribution described in subdivisions (A) through (D), increase by 2 levels.

(3) If the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, increase by 4 levels.

(4) If the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by 5 levels.

(5) If a computer was used for the transmission, receipt, or distribution of the material or a notice or advertisement of the material, increase by 2 levels.

(6) If the offense involved--

    (A) at least 10 images, but fewer than 150, increase by 2 levels;

    (B) at least 150 images, but fewer than 300, increase by 3 levels;

    (C) at least 300 images, but fewer than 600, increase by 4 levels; and

    (D) 600 or more images, increase by 5 levels.

U.S.S.G. § 2G2.2 (2003).

- Two levels because the material involved a prepubescent minor. Id. § 2G2.2(b)(1).

- Five levels for "distribution to a minor." Id. § 2G2.2(b)(2)(C).

- Two levels because the offense involved the use of a computer for transmission. Id. § 2G2.2(b)(5).

- Four levels because the offense involved at least 300 images but fewer than 600 images. Id. § 2G2.2(b)(6)(C).

Due to these enhancements, and after receiving a three-point reduction for acceptance of responsibility, see id. § 3E1.1, the PSR arrived at 27 for Defendant's offense level total. Because Defendant had no criminal history points, he was placed in a criminal history category of I. Under the 2003 Guidelines, the sentencing range for a 27/I is 70-87 months (Zone D).

## II. Analysis

### A. The Statute and the Advisory Guidelines

In this case, Defendant violated 18 U.S.C. § 2252A(a)(1), which is found in Chapter 110, Sexual Exploitation of Children. Section 2256 of Title 18 provides the definitions "for the purposes of this chapter," and, under this section, "'minor' means any person under the age of 18 years." 18 U.S.C. § 2256(1). As noted supra, § 2G2.2 of the 2003 Guidelines applies to Defendant's offense, and § 2G2.2(b)(C) provides for a five-level enhancement if the offense involved "distribution to a minor." "Minor," in this commentary, "means an individual who had not attained the age of 18 years."[4] Id. Neither the statute nor the Guidelines in effect at the time of the offense include an adult undercover police officer within the definition of minor.

---

[4]Section 2G2.2 of the Guidelines was amended by Amendment 664, which became effective on November 1, 2004. See Supplement to the 2004 Guidelines, Appendix C, Amendment 664 at 58 [hereinafter "Amendment 664"]. Amendment 664 is discussed infra.

5

Nevertheless, an adult undercover officer is arguably included within this definition because the commentary to § 2G2.2 states as follows: "'distribution to a minor' means the knowing distribution to an individual who is a minor at the time of the offense, knowing or believing the individual is a minor at that time." Id. § 2G2.2 cmt. n. 1 (2003). The Government also contends that Amendment 664, which became effective on November 1, 2004, clarified § 2G2.2 by including an adult undercover police officer within the definition of minor. See Supplement to the 2004 Guidelines, Appendix C, Amendment 664 at 58 [hereinafter "Amendment 664"]. After the 2004 amendment, "minor" now "means (A) an individual who had not attained the age of 18 years; (B) an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct; or (C) an undercover law enforcement officer who represented to a participant that the officer had not attained the age of 18 years." Id.

There is no question that, where a court applies an earlier version of the Guidelines Manual, it "shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes." United States v. Neilssen, 136 F. 3d 965, 969 (4th Cir. 1998). An "amendment to the commentary is substantive when it is contrary to the plain meaning of the guideline's text." Id. The plain meaning of minor is that it is an individual who is not an adult. The terms adult and minor are, in fact, almost the opposite of each other. Moreover, the "Reason for the Amendment" section of Amendment 664 indicates that the change was a substantive one, as it states that, "[i]n response to the increase of undercover officers in child pornography investigations, the amendment expands the definition of 'minor.'" Amendment 664 at 60 (emphasis added). To expand a definition means to add to it; as such, to expand a definition is to do much more than make

6

a clarification – it results in a substantive change. Accordingly, including an adult within the definition of minor is clearly a substantive amendment and thus cannot be considered in this case. The Court thus turns to its Booker analysis using the definition of minor as found in the 2003 Sentencing Guidelines which arguably could or could not include one whom the defendant believed to be a minor.

### B.      United States v. Booker

Under Justice Stevens' opinion in Booker, pursuant to the Sixth Amendment, the Government must prove beyond a reasonable doubt the facts necessary to support a sentencing enhancement. United States v. Booker, 543 U.S. ___, ___, 125 S.Ct. 738, 749 (2005); Apprendi v. New Jersey, 530 U.S. 466, 489, 120 S.Ct. 2348, 2362-63 (2000).  Justice Breyer's opinion in Booker, however, by making the Guidelines advisory, effectively removed the Sixth Amendment issue that had arisen because of the mandatory nature of the pre-Booker Guidelines. 543 U.S. at ___, 125 S.Ct. 738, 760 (2005) (explaining its decision to make the Guidelines advisory because to "engraft the Court's constitutional requirement onto the sentencing statutes . . . would destroy the system"). Accordingly, "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Id. at ___, 125 S.Ct. at 767. After consulting the advisory Guidelines, district courts must take the sentencing factors in 18 U.S.C. § 3553(a) into account and impose a "reasonable" sentence. Id. at ___, 125 S.Ct. at 765.

The Court concludes that applying the "distribution to a minor" enhancement in this case would impermissibly allow the Guidelines to expand the statutory definition of minor. By making the Guidelines advisory, the Booker decision reenforced the primacy of the language contained in the statute of conviction over the Guidelines. After Booker, one thing is not in doubt: "the authority

of a judge to exercise broad discretion in imposing a sentence within a statutory range." Id. at ___, 125 S.Ct. at 750. In this instance, 18 U.S.C. § 2256 defines "minor" as "any person under the age of 18 years." A minor is not defined under the statute to include an adult undercover police officer. Moreover, there is little question that the primary objective of § 2252A is to protect children from exploitation by the producers of child pornography. See United States v. Sherman, 268 F.3d 539, 547 (7th Cir. 2001). While all children are certainly harmed by child pornography, the actual child depicted or receiving such pornography is "the primary, identifiable victim." Id. The Court thus is very concerned about allowing the Guidelines to expand the definition of the primary victims of child pornography – minors – beyond the definition provided for in the statute. In this case, the victim for which the enhancement was created is an adult. Therefore, given Booker, the Court is not inclined to impose a Guidelines enhancement that expands a definition beyond its statutory confines. The Guidelines commentary, in this Court's view, is plainly inconsistent with the statute if the Government's view is adopted. See Stinson v. United States, 503 U.S. 36, 38 (1993)(holding that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline").

Moreover, although Justice Breyer's opinion had the effect of effectively removing the Sixth Amendment concern addressed in Justice Stevens' opinion, see supra, the Court nevertheless believes that, under a "reasonableness" standard, it has the obligation to take any Sixth Amendment concerns it has into account in order to reconcile the holdings in both parts of the majorities of the Booker decision. In this case, while Defendant believed he was sending child pornography to a minor, he actually distributed such pornography to an adult undercover police officer. Under Justice

Stevens' opinion in <u>Booker</u>, the Court would have held that the Government had failed to prove, beyond a reasonable doubt, that Defendant distributed child pornography to a minor, as the police officer was not a minor. <u>See</u> <u>United States v. O'Daniel</u>, 328 F. Supp. 2d 1168, 1183 (N.D. Okla. 2004) (holding the same under <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531 (2004)). The Court does not believe it may ignore this fact under Justice Breyer's opinion; rather, it must take such a fact into account in order to fashion a reasonable sentence in considering an advisory guideline as opposed to an unconstitutional guideline enhancement.

Finally, the Court also observes that, pursuant to <u>Booker</u>, the United States Supreme Court recently vacated and remanded a decision holding that an officer posing as a minor fell within the Guidelines definition of minor. In <u>United States v. Morton</u>, 364 F.3d 1300, 1301 (11th Cir. 2004), the United States Court of Appeals for the Eleventh Circuit concluded that an undercover officer posing as a minor met the definition of minor for purposes of a similar enhancement. See § 2G2.2(b)(4). The United States Supreme Court vacated that judgment, however, remanding the case without explanation other than that it must be further considered in light of <u>Booker</u>. <u>Morton v. United States</u>, ___, U.S. ___, 125 St. Ct. 1338, 161 L.Ed (Feb. 22, 2005).[5] The facts in <u>Morton</u> are very similar to the facts in this case, in that the same guideline provision was applied and that the defendant <u>believed</u> that he was contacting a minor. <u>Morton</u>, 364 F.3d at 1301-02. In an abundance of caution, therefore, this Court thus hesitates to adopt the Eleventh Circuit's reasoning given the

---

[5]On August 10, 2005, the United States Court of Appeals for the Eleventh Circuit again issued its decision in <u>Morton</u> pursuant to the United States Supreme Court's remand. Without addressing the issue of whether the definition of "minor" included an adult undercover officer posing as a minor, the appellate court affirmed the defendant's sentence based on the fact that the defendant had not asserted any error pursuant to <u>Apprendi</u> or any case applying <u>Apprendi</u> during sentencing, on appeal, or in his petition before the Court. <u>United States v. Morton</u>, 2005 WL 1901623 (11th Cir., Aug. 10, 2005).

United States Supreme Court's decision to vacate and remand that case based on the Booker decision.[6]

Accordingly, the Court **FINDS** that Defendant should receive a two-level enhancement under § 2G2.2(b)(E) for "distribution other than distribution described in subdivisions (A) through (D)" as opposed to a five-level enhancement for "distribution to a minor" under § 2G2.2(b)(C). After receiving a three-point reduction for acceptance of responsibility, Defendant's offense level total should be 24 instead of 27. Id. § 3E1.1. This places him, as a 24/I, in a Guideline range of 51 to 63 months (Zone D).

### C.     § 3553(a) Sentencing Factors

The Court next considers the sentencing factors contained in those parts of 18 U.S.C. § 3553 that remain in effect after the Booker decision. These factors include the seriousness of the offense for which the defendant has been convicted, the history and circumstances of the defendant,

---

[6]The Morton decision has been criticized for relying on the definition of "victim" in other Guidelines provisions to reach its conclusion that the definition of minor in § 2G2.2 includes adult undercover police officers. THOMAS W. HUTCHISON ET AL., FEDERAL SENTENCING LAW & PRACTICE, § 2G2.2 (2005). In Morton, the United States Court of Appeals for the Eleventh Circuit concluded that the terms "victim" and "minor" were "interchangeable." 364 F.3d at 1304. Because the commentary to § 2A3.2 and 2G1.1 "specifically includ[ed] undercover police officers" within their definition of "victim," in the Morton court's view, § 2G2.2's definition of "minor" thus included undercover police officers as well. Id. "[F]ailure," however, "to include undercover law enforcement in the definition in [§ 2G2.2] indicates an intention to exclude them from the definition." FEDERAL SENTENCING LAW & PRACTICE, § 2G2.2. As the United States Court of Appeals for the Fourth Circuit has explained, "the doctrine of expressio unis est exclusio alterius instructs that where a law expressly describes a particular situation to which it shall apply, what was omitted or excluded was intended to be omitted or excluded." Reyes-Gaona v. North Carolina Growers Ass'n, 250 F. 3d 861, 865 (4th Cir. 2001). As the inclusion of undercover officers within the definition of victim in other sections of the Guidelines indicates, the Commission could have determined to include undercover police officer as part of the definition of minor under § 2G2.2 but did not. This indicates an intention to exclude adult police officers rather than include them in this provision.

promoting respect for the law, providing just punishment for the offense, affording adequate deterrence to criminal conduct, protecting the public from further crimes by the defendant, and providing the defendant with needed educational or vocational training, medical care, or other correctional treatment. <u>Booker</u>, 543 U.S. at ___, 125 S.Ct. at 764-65 (quoting 18 U.S.C. 3553(a)).

As announced at the sentencing hearing, the Court **FINDS** that a sentence of 63 months is a reasonable sentence after applying the sentencing factors. The offense Defendant committed is serious. The Court simply cannot condone the distribution of child pornography, even if a child did not in fact ultimately receive it. Defendant had no criminal history, however, and a sentence of 63 months, while significant, reflects the fact that this is Defendant's first encounter with the criminal justice system and is still in his youth. In the same way, a sentence of 63 months both promotes respect for the law, provides just punishment for the offense, and affords adequate deterrence to criminal conduct, as it is a significant sentence for such conduct by such an individual. Finally, a sentence of 63 months will allow Defendant to participate in treatment for sex offenders. As noted in the Judgment Order, the Court **RECOMMENDS** that Defendant be committed to such place or places where he may receive treatment and monitoring for sex offenders.

**III. Conclusion**

In fashioning Defendant's sentence, this Court in no way condones the offense Defendant committed or any of his conduct surrounding it. The sexual exploitation of children is abhorrent. The Court, however, must apply the law as it sees it, and, as it sometimes happens, less-than-sympathetic defendants benefit. It is the Court's view that the advisory Sentencing Guidelines may not expand a statutory definition to increase a term of punishment. Consequently, after consulting

the advisory Guidelines, taking both of the holdings in <u>Booker</u> into account, and considering the sentencing factors in 18 U.S.C. 3553(a), Defendant is hereby **SENTENCED** to a term of imprisonment of 63 months.

The Clerk is **DIRECTED** to send a copy of this Order and Opinion to all counsel of record. The Clerk is also **DIRECTED** to attach a copy of this Order and Opinion to the Judgment Order.

**IT IS SO ORDERED.**

_____/s/_____
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August     , 2005